CHARLES P. BRESEE, APPELLANT, v. HARRY A. SNYDER,
APPELLEE.

FILED SEPTEMBER 26, 1913. No. 17,335.

1. Bills and Notes: ACTION: PARTIES. Under section 23 of the code, an action upon a promissory note may properly be brought against the maker thereof in the name by which he signed the note.

2. Judgment: TRANSCRIPT: EXECUTION: SALE: COLLATERAL ATTACK. A transcript of a judgment of the county court may be filed in the office of the clerk of the district court in any county of the state. It is not necessary to first file it in the county in which the judgment was rendered. When it appears that a true transcript of the judgment is filed in another county, execution and sale thereon will not be held void in a collateral attack eight or ten years afterwards; the land having been several times transferred to innocent purchasers in the meantime.

3. Execution: SALE: IRREGULARITIES. A mere irregularity in the notice of sale of real estate upon execution is cured by confirmation, as against a collateral attack.

APPEAL from the district court for Keya Paha county: JAMES J. HARRINGTON, JUDGE. *Affirmed.*

*Andrew M. Morrissey, Allen G. Fisher* and *William P. Rooney,* for appellant.

*Charles E. Lear, Forrest Lear* and *William H. Pitzer,* contra.

SEDGWICK, J.

The plaintiff brought this action in the district court for Keya Paha county to set aside certain conveyances and quiet his alleged title in real estate situated in that county. Both parties derive their title by mesne conveyance from one Aaron Markley. Markley and his wife conveyed the land by warranty deed in 1893 to Folkert Fass. In April, 1896, Folkert Fass, in the name of F. Fass, and one H. H. Fass executed and delivered to one Gedney Venter their negotiable promissory note for $300. In 1898 Ged-

ney Venter obtained a judgment in the county court of
Otoe county against F. Fass and H. H. Fass for $311.92
and costs. Afterwards a transcript of this judgment, duly
certified, was filed in the office of the clerk of the district
court for Otoe county. Afterwards the clerk of the dis-
trict court for Otoe county made a transcript of this judg-
ment, and certified thereon that "the foregoing is a true
and compared copy of the transcript in said cause as
the same appears on file and of record in my office." This
transcript was duly filed and docketed in the office of the
clerk of the district court for Keya Paha county, and an
execution issued thereon and delivered to the sheriff of
Keya Paha county. That officer certified that he made
diligent search in said county for goods and chattels of
the defendants named therein, and for want thereof levied
the execution on the land in question. The sheriff sold
the land upon the execution to the plaintiff therein, Ged
ney Venter, on the 15th day of November, 1898. On the
11th day of May, 1908, Folkert Fass and Mary A. Fass,
his wife, executed a quitclaim deed of the land in question
to the plaintiff. The plaintiff claims under this deed, and
alleges that the judgment and sale in the suit of Mr. Ven-
ter were so irregular as to convey no title. In 1899 Ged-
ney Venter and his wife conveyed the land by warranty
deed to M. L. Hayward, and in the same year Hayward
and wife conveyed by warranty deed to W. C. Thomas,
and in December, 1906, Thomas and wife conveyed by
warranty deed to this defendant, Harry A. Snyder. Mr.
Thomas took possession of the land under his purchase,
and in the following year inclosed the land with a fence
and used it as a pasture. There was no one living on the
land when he bought it, and he continued to use it as a
pasture until he conveyed it to this defendant, who ap-
pears to have bought it in good faith.

The appellant's brief does not comply with rule 9. It
does not separately state and number the points of law,
upon which he relied for a reversal, with the citations of
authorities supporting each point cited under the point

which they are supposed to support. The brief does not by number designate the several pages of the record (the abstract) containing matter bearing upon each question discussed, respectively. The references to adjudicated cases do not comply with the rule so as to enable the court to turn to them without loss of time. In other respects the rules are not complied with. Counsel must not be disappointed if the court refuses to do their work and brief their cases for them, especially for the purpose of reversing a judgment of the trial court. The judgment of the trial court is presumed to be right, and, if upon a general view of the record no substantial error prejudicial to the rights of.appellant is observed, the court will not ordinarily look further for errors not properly briefed in compliance with the rules. The rules are not advisory merely; they are not binding upon the court alone; counsel must also observe them.

1. The objection that the judgment against Mr. Fass was invalid because he was not sued by his full name is without merit. An action upon a promissory note may properly be brought against the maker thereof in the name by which he signed the note, under section 23 of the code.

2. It is also objected that the district court for Keya Paha county had no jurisdiction to sell the land because the transcript of the judgment of the county court of Otoe county was not filed directly in Keya Paha. county. It was first filed in the office of the clerk of the district court for Otoe county, and a transcript from that court filed in Keya Paha county.

Section 18, ch. 20, Comp. St. 1911, provides that a transcript of judgment in county court may "be filed in the office of the clerk of the district court in any county of this state." It is not necessary to file the transcript in the office of the clerk of the district court in the county in which the judgment is rendered, as in case of judgments of justices of the peace. The words of the statute are that "any person having a judgment * * * may cause a transcript thereof to be filed." There is no evi-

dence that the transcript was not correct and complete. Technical objections to the manner of its preparation and certification might be raised and determined upon motion to confirm the sale. We think that this objection ought to be disregarded when raised in this collateral manner in an equitable proceeding after the lapse of so many years; the land in the meantime being conveyed to innocent purchasers.

3. An irregularity in the notice of sale upon execution is mentioned in the brief. This might have been urged against the confirmation of sale, but ought not now to be considered in this collateral proceeding.

We have not found any error in the record requiring a reversal, and the decree of the district court is

AFFIRMED.

REESE, C. J., LETTON and FAWCETT, JJ., not sitting.